Bacon Tait *v.* John L. Lewis, Executor.

An action may be maintained against an executor for a debt due by the succession, after a judgment recognizing the heirs and ordering them to be put in possession of the estate and homologating an account rendered by him, where it is not shown that the judgment recognizing the heirs and ordering them to be put in possession was ever executed or that the executor ever delivered up the property belonging to the succession, where the account appears on its face not to have been a final one, and there is no proof that the executor prayed to be, or ever was, discharged.

Appeal by the plaintiff from a judgment of the Court of Probates of New Orleans, *Bermudez,* J.

GARLAND, J. This suit is founded on the same cause of action as one heretofore instituted by the same plaintiff, and decided in 18 L. R., 33. John L. Lewis, the only surviving executor of Henry De Ende being cited, appeared, and filed his exceptions to answering, viz :

*First.* That the time of his executorship has long since expired.

*Second.* That the heirs of the testator have been recognized, and put in possession of the whole succession.

*Third.* That he has presented an account of his administration, which has been approved and homologated by a judgment of the Court of Probates.

*Fourth.* That he has delivered over to the heirs of the testator all the funds and property in his hands belonging to the succession.

From the documents it appears that in February, 1837, one Stubbs presented himself to the Court of Probates, claiming to be the attorney in fact of the legal and testamentary heirs of Henry De Ende, and that the court being satisfied he had been so appointed, ordered that he be recognized as such, and his principals as the heirs ; and, *further, that Lewis and Power, his co-executor,* should render an account, within ten days, of their executorship, and that the heirs, by their aforesaid attorney, be put in possession of the succession. Sometime after this order, the executors presented themselves, protested against the interlocutory decree (as they call it,) recognizing Stubbs as the attorney of the legatees and ordering them to account, saying that they " herewith file their account and tender their bill ;" whereupon, on the 14th of April, 1837, the Judge of Probates ordered public notice to be given to the creditors of the succession, and personal notice to the heirs and legatees, to show cause why the account should not be homologated and confirmed. This account showed a balance of upwards of $26,000 as owing by the executors, a considerable amount of property in their hands, and some notes not collected. They also stated that a suit for a large sum was then pending against them, that Francis De Ende's succession, and the natural children of their testator, have claims to a portion of the succession, which could not be then liquidated and settled, and that in consequence no final settlement could then be made. On the 30th of

July, 1838, it was ordered and adjudged that the account be approved and homologated.

It does not appear, from any evidence before us, that the judgment of the 20th of February, 1837, was ever executed by Stubbs, the attorney in fact of the non-resident heirs, by taking possession of the succession. The account rendered by the executors, does not purport, on the face of it, to be a final one. The order of the judge, directing public notices to be given, does not state or intimate in any manner, that the account is final, or that the executors had asked to be discharged ; and in the judgment homologating it they are not discharged. From this judgment no appeal has been taken.

The counsel for the defendant have based their whole argument to show that the executor is discharged, on article 1003 of the Code of Practice, and articles 1197, 1666, 1667, and some others of the Civil Code. If it had been shown that the judgment of the Court of Probates, authorizing Stubbs to be put in possession of the estate, had been executed, and thereby, some one authorized to represent the estate when demands should be presented against it, there would have been much force in the application of the article 1003 of the Code of Practice ; but it is not to be permitted to the heirs of a succession, or to their agents, to take partial steps towards taking possession of an estate, and thereby take a position from which they can keep the creditors out of their rights, by playing them off on the executor, and he in turn throwing them back upon the heirs. There is no evidence in the record that Stubbs ever was in possession of any portion of the succession, and it is certain that the executors did not consider that they were rendering a final account of their administration.

It seems to have escaped the attention of the counsel for the defendant that the provisions of the Code, in relation to the tenure of office of executors, administrators, curators, &c., have been materially modified by the act of the legislature of March 13th, 1837, which provides that those persons shall render annual accounts of their administration, but shall continue in office until the estate is finally wound up, any law to the contrary notwithstanding, upon condition of giving additional security if the Judge of Probates shall deem it necessary for the interest of the estate or of

the creditors.   Bullard & Curry's Dig., p. 3, sec. 6, 7.  · The account of the executors, it would seem from the date, was filed with special reference to this law ; and the judgment of homologation rendered July 30th, 1838, confirms the impression.

There is no evidence before us to prove that the executors ever paid any part of the sum admitted to be due, to Stubbs or to the heirs of De Ende.   It is true that an account was rendered in April, 1837, by the executors, but it does not appear to have been a final one, nor intended to discharge them.   It was the annual account required by law.   The heirs of De Ende were recognized and ordered to be put in possession, but that judgment is not shown to have been executed in any manner ; the term of the executor has not, therefore, expired, as the estate is not, in the words of the statute, " finally wound up."

The judgment of the Probate Court is, therefore, reversed, the exceptions of the defendant overruled, and the cause remanded with directions to answer to the merits.   The costs of the appeal to be paid by the appellee.

*G. Strawbridge*, for the appellant.

*Roselius* and *Preston*, for the defendant.